UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUTIQUIO ACEVEDO MENDEZ, et. al.<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>THE CITY OF GARDENA; THE GARDENA POLICE DEPARTMENT; CHIEF EDWARD MEDRANO; and DOES 1 through 10, inclusive<br><br>　　　　Defendants. | **Case 2:13-cv-9042 SVW (AJW)**<br><br>[PROPOSED] **PROTECTIVE ORDER RE HOMICIDE BOOK COMPILED BY THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, HOMICIDE BUREAU**<br><br>**MAGISTRATE JUDGE ANDREW J. WISTRICH** |

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

The Los Angeles County Sheriff's Department ("LASD") is producing, pursuant to a <u>subpoena duces tecum</u>, documents deemed confidential by LASD, under Federal and California State Law. These documents are compiled in an LASD's "Homicide Book." Such documents shall hereinafter be referred to as "Confidential Information."

-1-
PROTECTIVE ORDER

The Plaintiffs do not deem these documents to be "confidential information," although Plaintiffs acknowledge some may be of a confidential nature, but to avoid further delay and dispute, Plaintiffs accept these conditions, reserving the right to seek judicial determination within 90-days of receipt of the documents by submitting any item in dispute for an in-camera review and determination by the Court.

Plaintiffs agree that should they move for further order regarding determination of the "confidentiality" of a document, Plaintiffs will first meet and confer with LASD in an effort to jointly resolve any issue in dispute before requesting an in-camera review and determination by the Court.

The Court orders that the following terms and conditions of this Protective Order shall govern the use and disclosure of Confidential Information and information derived therefrom until further order of the Court.

1. The investigation of an Officer Involved Shooting of June 2, 2013 by the Los Angeles County Sheriff's Department - Homicide Bureau, is subject to the terms of this protective order. The investigation contained in the "Homicide Book" is part of an ongoing criminal investigation that is confidential official information. The disclosure of the documents in the Homicide Book pursuant to Rule 26 discovery rules are to be designated as "CONFIDENTIAL INFORMATION." Such designation shall be

made by stamping or otherwise marking the documents prior to production or use in this litigation as follows:

**"CONFIDENTIAL MATERIAL SUBJECT**

**TO PROTECTIVE ORDER"**

2. The labeled "CONFIDENTIAL INFORMATION" shall be used solely in connection with the preparation and trial of the within, Case No. CV13-9042 SVW (AJWx) or any related appellate proceeding, and not for any other purpose, including any other litigation.

3. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purpose of the prosecution, defense or settlement of this action, and for no other purpose.

4. CONFIDENTIAL INFORMATION may not be disclosed, except as provided in paragraphs 5, 6 and 7.

5. CONFIDENTIAL INFORMATION may be disclosed only to the following persons:

  (a) Counsel for any party and any party to this litigation;

  (b) Paralegal, stenographic, clerical and secretarial personnel regularly employed by counsel referred to in (a).

  (c) Court personnel, including stenographic reporters engaged in such proceedings as

          are necessarily incidental to preparation for the trial of this action;

    (d) Any outside expert or consultant retained in connection with this action, and not otherwise employed by either party; and

    (e) Any "in-house" expert designated by either party to testify at trial in this matter.

Nothing in this order prevents a witness from disclosing events or activities personal to him or her, that is, a witness can disclose to others information previously given to the LASD with respect to what he or she saw, heard or otherwise sensed and that information shall not be deemed "CONFIDENTIAL INFORMATION."

    6. Each person to whom disclosure is made, with the exception of counsel, and the parties, who are presumed to know the contents of this protective order, and court personnel, shall prior to the time of disclosure, be provided by the person furnishing him/her such material a copy of this order, and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party. Such person also must consent to be subject to the jurisdiction of this United States District Court with respect to any proceeding relating to enforcement of this order, including without limitation, any proceeding for contempt.

    7. Until such time as Plaintiffs obtain a reclassification of the "CONFIDENTIAL INFORMATION,"

either by written agreement with LASD or by judicial determination after an in-camera review, testimony taken at a deposition may be designated as confidential by making a statement to that effect on the record at the deposition. Arrangements shall be made with the court reporter taking and transcribing such deposition to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

8. If CONFIDENTIAL INFORMATION, including any portion of a deposition transcript, is included in any papers to be filed with the Court prior to either joint resolution by the parties or prior to an in-camera review as stated above, such papers shall be accompanied by an application which comports with Local Rule 79-5.1 and seeks to (a) file the confidential portions thereof under seal (if such portions are segregable), or (b) file the papers in their entirety under seal (if the confidential portions are not segregable). The Application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal in accordance with Local Rule 79-5.1.

9. At the conclusion of the trial and of any appeal or upon termination of this litigation, all CONFIDENTIAL INFORMATION received under the provisions of this order (including any copies made and/or any computer materials

made or stored) shall be tendered back to the LASD's counsel within 30 days or destroyed by Plaintiff after approval by LASD. Provisions of this order in so far as they restrict disclosure and use of the material shall be in effect until further order of this Court.

    10. The foregoing is without prejudice to the right of any party:

        (a) To apply to the Court for a further protective order relating to CONFIDENTIAL INFORMATION or relating to discovery in this litigation;

        (b) To apply to the Court for an order removing the CONFIDENTIAL INFORMATION designation from any documents; and

        (c) To apply to the Court for an order compelling production of documents or modification of this order or for any order permitting disclosure of CONFIDENTIAL INFORMATION beyond the terms of this order.

    11. LASD contends that GOOD CAUSE exists for designating these materials as privileged and confidential because they are part of an ongoing criminal investigation and constitute official information. Plaintiffs do not agree with this characterization, but agree to resolve the dispute as set forth in this Protective Order and until further order of the Court.

    12. CONFIDENTIAL INFORMATION produced in connection with the Court Order shall not be disclosed,

-6-
PROTECTIVE ORDER

disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the information may be divulged to the media and the public.

13. In the event that any CONFIDENTIAL INFORMATION is used or referred to during the course of any court proceeding in this action, such information shall not lose its confidential status through such use.

14. Counsel, in the above-referenced matter, and those individuals authorized to review the information in connection with this civil matter are expressly prohibited from duplicating, copying or otherwise distributing, disseminating, or orally disclosing any of the disclosed CONFIDENTIAL INFORMATION to any person or entity for any purpose.

15. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of CONFIDENTIAL INFORMATION.

16. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and monetary sanctions against any person violating or threatening to violate any of the terms of this Protective Order.  This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the

1 violation of this Protective Order, including but not
2 limited to monetary sanctions, judicial sanctions, issue
3 preclusion, and contempt. Any such request for
4 injunctive relief and/or monetary sanctions must be made
5 by a properly noticed motion and pursuant to statute and
6 after contacting the alleged grieving party and holding a
7 conference in an effort to resolve the dispute.
8     17. This Protective Order, and the obligations of all
9 persons thereunder, including those relating to the
10 disclosure and use of CONFIDENTIAL INFORMATION, shall
11 survive the final termination of this case, whether such
12 termination is by settlement, judgment, dismissal, appeal
13 or otherwise, until further order of the Court.
14     18. Upon termination of the instant case, counsel
15 shall return any and all CONFIDENTIAL INFORMATION or
16 information designated as confidential, including
17 portions of deposition transcripts which may contain
18 documents designated confidentila, to the LASD's attorney
19 of record for this matter, within twenty (30) days
20 following termination of this matter.
21     19. Production of all CONFIDENTIAL INFORMATION
22 ordered disclosed by this Court shall take place within
23 five (5) days of the Court executing and entering this
24 Order.
25 **IT IS SO ORDERED.**
26 DATED: June 13, 2014    BY. _____
27                                        ANDREW J. WISTRICH
                                UNITED STATES MAGISTRATE JUDGE
28

**ATTACHMENT A**

**NON DISCLOSURE AGREEMENT**

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order Concerning Confidential Information entered in *EUTIQUIO ACEVEDO MENDEZ V. THE CITY OF GARDENA, ET AL., Case No. CV13-9042 SVW (AJWx),* and hereby agree to comply with and be bound by the terms and conditions of said Order unless modified by further Order of the Court. I hereby consent to the jurisdiction of the Court for purpose of enforcing this nondisclosure agreement.

DATED:

_____