**RAYMOND J. FUENTES**, Bar No. **61199**
**GRAYR BERBERYAN**, Bar No. 251348
**FUENTES & McNALLY, LLP**
144 North Brand Boulevard
Glendale, California 91203-2602
Tel: (818) 543-4750
Fax: (818) 543-4757
Email Address: fmllp@fm-llp.com

Attorneys for Real Party in Interest, LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUTIQUIO ACEVEDO MENDEZ, et. al.<br><br>    Plaintiffs,<br><br>v.<br><br>THE CITY OF GARDENA; THE GARDENA POLICE DEPARTMENT; CHIEF EDWARD MEDRANO; and DOES 1 through 10, inclusive<br><br>    Defendants. | Case CV-13-9042 SVW (AJWx)<br><br>**RESPONSE TO PLAINTIFFS' EX PARTE APPLICATON FOR AN ORDER FOR AN IN CAMERA REVIEW BY THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT; AND, DECLARATION OF RAYMOND J. FUENTES IN SUPPORT THEREOF**<br><br>**MAGISTRATE JUDGE ANDREW J. WISTRICH** |

**TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

The Real Party in Interest, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT, responds to Plaintiffs' First Application for an Order for an In Camera Review of Documents; and, an Application for an Order Removing the Confidential Designation from Certain Documents.

-1-
RESPONSE TO PLAINTIFFS' APPLICATION FOR AN EX PARTE APPLICATION BY THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

In the current matter, the Plaintiffs issued a civil subpoena requesting "the LASD Homicide Investigation (aka "Homicide Book") into the officer involved shooting of Plaintiffs, which occurred on June 2, 2013, in Gardena, California." All of the items, in the possession of the Sheriff's Department, requested by Plaintiffs in the subpoena were contained within the Homicide Book.

As a result of numerous discussions between counsel for the Plaintiffs and counsel for the Sheriff's Department; a Joint Stipulation and a Protective Order was drafted, which the court executed on June 13, 2014. As a result of the Protective Order, all documents and CDs were produced to Plaintiffs' counsel on June 17, 2014 and June 27, 2014. The items produced by the Sheriff's Department are reflected in the Plaintiffs' Index for the Court (Exhibit 1).

Previously, on July 3, 2014, in response to Plaintiffs' counsel's efforts to remove the confidential designation of the Homicide Book materials, the Sheriff's Department responded as follows:

> The Department's position is that all of the materials produced as part of the

> Homicide Investigation are confidential *at this time*. This is true because there is an open, ongoing underlying criminal investigation, which may lead to the filing of criminal charges against the involved officers.

(Declaration of Raymond J. Fuentes, and Exhibit A; emphasis added.)

At this time, the Sheriff's Department has been informed that the District Attorney's Office will not proceed with criminal charges against the involved Gardena Police Officers.

## II.

**THE SHERIFF'S DEPARTMENT HAS NO OBJECTION TO AN IN CAMERA REVIEW OF THE HOMICIDE BOOK MATERIALS.**

The courts have developed a balancing test when a governmental agency has raised the issue of privilege. In such a case, the court must balance the public interest in the confidentiality of governmental information against the needs of a litigant to obtain data, not otherwise available to him with which to pursue a non-frivolous cause of action. Dos Santos v O'Neill,

1 | 62 FRD 448 (1974); <u>Crawford v Dominic</u>, 469 F. Supp. 260 (1979).

In the event that the Court cannot decide from the moving papers whether or not the Homicide Book is privileged, then the Los Angeles County Sheriff's Department requests that the court conduct an <u>in camera</u> inspection in order to determine relevancy and any issues of confidentiality of the requested material to the pending action. <u>Kerr v United States District Court</u>, 426 US 394 (1976); and, <u>Dos Santos v O'Neill</u>, supra.

The courts have made it clear that although a litigant may be entitled to the discovery of witness statements and those portions of the police reports containing factual data, a litigant is <u>not entitled</u> to evaluative summaries, opinions and conclusions of the police investigative reports.

At present, the Sheriff's Department has produced the Homicide Books and related materials pursuant to a Protective Order. Inasmuch as a decision has been reached by the District Attorney's Office not to prosecute the involved Gardena Officers, the determination of the confidentiality of these materials is submitted for the court's determination based on the interests of the Plaintiffs and the Defendants.

-4-
RESPONSE TO PLAINTIFFS' APPLICATION FOR AN EX PARTE APPLICATION BY
THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

## IV

## CONCLUSION

For the foregoing reasons, Real Party in Interest, the Los Angeles County Sheriff's Department, does not oppose Plaintiff's Request for an In Camera Review. Furthermore, the Sheriff's Department submits on the issue of confidentiality.

DATED: July 12, 2014        FUENTES & McNALLY, LLP

By: _____
    RAYMOND J. FUENTES
    Attorneys for Real Party in
    Interest LOS ANGELES COUNTY
        SHERIFF'S DEPARTMENT

-5-

RESPONSE TO PLAINTIFFS' APPLICATION FOR AN EX PARTE APPLICATION BY THE LOS ANGELES COUNTY SHERIFF'S DEPARTMENT

RAYMOND J. FUENTES, Bar No. 61199
GRAYR BERBERYAN, Bar No. 251348
FUENTES & McNALLY, LLP
144 North Brand Boulevard
Glendale, California 91203-2602
Tel: (818) 543-4750
Fax: (818) 543-4757
Email Address: fmllp@fm-llp.com

Attorneys for Real Party in
Interest, LOS ANGELES COUNTY
SHERIFF'S DEPARTMENT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUTIQUIO ACEVEDO MENDEZ, et. al.<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF GARDENA; THE GARDENA POLICE DEPARTMENT; CHIEF EDWARD MEDRANO; and DOES 1 through 10, inclusive<br><br>Defendants. | Case CV-13-9042 SVW (AJWx)<br><br>**DECLARATION OF RAYMOND J. FUENTES IN RESPECT TO PLAINTIFFS' EX PARTE APPLICATON FOR AN IN CAMERA REVIEW** |

**DECLARATION OF RAYMOND J. FUENTES**

I, Raymond J. Fuentes, declare:

1. I am an attorney duly admitted to practice before this Honorable Court and, have been since my admission, a member of good standing of the Bar of this Court. I am a

-1-
DECLARATION OF RAYMOND J. FUENTES RE PLAINTIFFS' EX PARTE
APPLICATION FOR AN IN CAMERA REVIEW

member of the law firm of Fuentes & McNally, LLP, and one of the attorneys assigned to represent the Real Party in Interest, the LOS ANGELES COUNTY SHERIFF'S DEPARTMENT in the above-entitled case.

    2. On June 17, 2014 and June 27, 2014, the Sheriff's Department produced the materials contained in their Homicide Books, pertaining to an investigation of an Officer Involved Shooting of June 2, 2013. These materials were produced pursuant to the Protective Order executed by the court on June 3, 2014. The items produced to Plaintiffs by the Sheriff's Department are identified in Plaintiffs' Exhibit 1, in support of their Ex Parte Application.

    3. On July 3, 2014, in response to the Plaintiffs' counsel's request for the Department's position as to the confidentiality of the Homicide Book materials, declarant sent a letter outlining the Department's position. (A copy of the July 3, 2014 letter is attached and incorporated reference as **Exhibit A.**) Therein, Plaintiffs' counsel were informed that, "The Department's position is that all of the materials produced as part of the Homicide Investigation are confidential *at this time*. This is true because there is an open, ongoing underlying criminal investigation, which may lead to the filing of

criminal charges against the involved officers." (Emphasis added.)

4. The Department does not oppose an In Camera Review of the Homicide Book materials. As reflected in Exhibit A, the issue of confidentiality is submitted for the court's determination based on the parties' arguments as to confidentiality.

5. Declarant was unable to review Plaintiffs' Ex Parte Application until late in the afternoon of July 11, 2014, given declarant's court and deposition commitments. On July 11, 2014, declarant spoke with Captain Duane Harris of the Homicide Bureau. During said conversation, declarant was informed that the District Attorney's Office had determined not to file criminal charges against the involved Gardena Police Officers.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 12th day of July, 2014, at Glendale, California.

Raymond J. Fuentes
Declarant

-3-
DECLARATION OF RAYMOND J. FUENTES RE PLAINTIFFS' EX PARTE APPLICATION FOR AN IN CAMERA REVIEW

# EXHIBIT A

# FUENTES & McNALLY, LLP
ATTORNEYS AT LAW
144 NORTH BRAND BOULEVARD
GLENDALE, CALIFORNIA 91203-2602
Tel: (818) 543-4750
Fax: (818) 543-4757
fmllp@fm-llp.com

July 3, 2014

**VIA EMAIL & US MAIL**

R. Samuel Paz, Esq.
**Law Offices of R. Samuel Paz**
5711 West Slauson Avenue, Suite 100
Culver City, California 90230

Sonia Mercado, Esq.
**Sonia Mercado & Associates**
5711 West Slauson Avenue, Suite 100
Culver City, California 90230

      Re:    **EUTIQUIO ACEVEDO MENDEZ, et al. v. GARDENA, et al.**
             USDC Case No.:    CV 13-9042 SVW (AJWx)

Dear Mr. Paz and Ms. Mercado:

      This letter is written to set forth the Los Angeles County Sheriff's Department's position in respect to the production of the Homicide Books and attachments.

      The Department's position is that all of the materials produced as part of the Homicide Investigation are confidential *at this time*. This is true because there is an open, ongoing underlying criminal investigation, which may lead to the filing of criminal charges against the involved officers.

      Government Code § 6254(f) prohibits the production of records from an *ongoing criminal* investigation, with only certain limited exceptions that do not apply in this case. Under Government Code § 6254(f), the privilege afforded to ongoing investigations includes "investigations conducted by... [a] local police agency... for... law enforcement... purposes." Ongoing investigations are precluded from discovery when the "disclosure would endanger the successful completion of the investigation or a related investigation." County of Orange v. Superior Court 79 Cal.App.4th 759, 764, (2000) ["Evidence gathered by police as part of an ongoing criminal investigation is by its nature confidential. This notion finds expression in both case and statutory law."]

      The records requested by the Plaintiffs clearly relate to the investigators' efforts to investigate

the case, develop evidence, and identify any potential witnesses. The nature of the information sought by the Plaintiffs is the exact type of information specifically excluded from disclosure pursuant to the relevant sections of the Government Code.

In the instant case, the materials contained in the investigation are protected from disclosure in Government Code § 6254(f) whereby disclosure would "endanger the completion of the investigation or a related investigation," through the official information privilege of Evidence Code § 1040(b) (2).

Under the official information privilege, the Sheriff's Department may refuse to disclose official information when "disclosure of the information is against the public interest because there is a necessity for preserving the confidentiality of the information that outweighs the necessity for disclosure in the interest of justice."

In this case, the Department attempted to balance the interests of confidentiality and the parties in conducting and proceeding to discovery by *producing the confidential material subject to a Protective Order.* Indeed, the Department has produced the Homicide Books and the subject CDs, which pertain to the Department's underlying investigation. Hence, *the Plaintiffs are able to proceed to prosecute their case subject to the Protective Order.*

It is recognized that *costs* will be incurred in ordering deposition transcripts, some of which must be sealed given the terms of the Protective Order. I have called and spoken with counsel for the City of Gardena. *On this date, Ms. Angela Powell has agreed to recommend that the City of Gardena pay for the additional costs incurred in the transcription of "sealed depositions."* Therefore, the Plaintiffs need not incur the additional costs of ordering "sealed depositions."

Thank you for bringing this matter to my attention. This letter sets forth the Department's position as to the issue of confidentiality of the Homicide Books and attachments. Finally, it appears that the issue of confidentiality must be litigated between the respective parties, the Plaintiffs and the Defendants.

Sincerely,

FUENTES & McNALLY, LLP

RAYMOND J. FUENTES

cc:   Angela Powell, Esq.