JONES & MAYER
Marty J. Mayer, Esq., SBN 73890
mjm@jones-mayer.com
Kimberly Hall Barlow, Esq. SBN 149902
khb@jones-mayer.com
James R. Touchstone, Esq. SBN 184584
jrt@jones-mayer.com
Deborah P. Knefel, Esq. SBN 114189
dpk@jones-mayer.com
3777 North Harbor Boulevard
Fullerton, California 92835
(714) 446-1400; Fax (714) 446-1448

Attorneys for Amici Applicants

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUTIQUIO ACEVEDO MENDEZ,<br><br>                           Plaintiff,<br><br>           vs.<br><br>THE CITY OF GARDENA, et al.<br><br><br>           Defendants. | Case No:  2:13-cv-9042 SVW (AJWx)<br><br>**APPLICATION FOR LEAVE TO FILE AMICI CURIAE BRIEF; STATEMENT OF IDENTITY AND INTERESTS OF AMICI CURIAE; BRIEF OF AMICI CURIAE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMICI CURIAE BRIEF**<br><br>Date  : July 6, 2015<br>Time : 1:30 p.m.<br>Crtrm: 6 |

**TO THE HONORABLE JUDGE STEPHEN WILSON OF THE U.S. DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA:**

**APPLICATION FOR LEAVE TO FILE AMICI CURIAE BRIEF**

The California State Sheriffs' Association, California Police Chiefs' Association and the California Peace Officers' Association respectfully request leave to file the attached brief of Amici Curiae in support of Defendants, et al., in order to assist this Court in resolving the important issue of law presented in this matter.

-1-

The interests of Amici are as stated in the attached brief, Part I. Applicants endeavor to provide this Court with the perspective of similarly situated law enforcement agencies throughout the State regarding the important legal issues raised in this matter, specifically whether:

Law enforcement video filed under seal in a closed high profile case should be unsealed and made accessible to mass media as a public record.

The issues in this case are of paramount importance to the parties, Amici, to law enforcement generally, and to all of the People of the State of California.

Amici believe that they can provide additional perspective to this Court that will be helpful in its decision.

Therefore, based upon all of the foregoing, Applicants respectfully request leave from the Presiding Judge to file the attached brief of Amici Curiae addressing the above issues, in order to aid this Court in its consideration and determination of the critical issues before it in this matter.

There is good cause for permitting the filing of the brief, as stated above, and this Court may grant the filing of the brief pursuant to FRCP FRAP 29.

Dated:  June 26, 2015                    Respectfully submitted,

                                         JONES & MAYER



                              By: */s/ Deborah Pernice Knefel*
                                  Martin J. Mayer
                                  James R. Touchstone
                                  Deborah Pernice Knefel
                                  Kimberly Hall Barlow,
                                  Attorneys for Amici Applicants

**APPLICATION FOR LEAVE TO FILE AMICI CURIAE BRIEF; STATEMENT OF IDENTITY AND INTERESTS OF AMICI CURIAE; BRIEF OF AMICI CURIAE AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF AMICI CURIAE BRIEF**

**STATEMENT OF IDENTITY AND INTERESTS OF AMICI CURIAE**

Amici Curiae are the following associations: the California State Sheriffs' Association ("CSSA"), the California Police Chiefs' Association ("CPCA"), and the California Peace Officers' Association ("CPOA"). Each of their memberships and interests are discussed below.

The California State Sheriffs' Association ("CSSA") is a non-profit professional organization that represents each of the 58 California Sheriffs. It was formed to allow the sharing of information and resources between sheriffs and departmental personnel, in order to allow for the general improvement of law enforcement throughout the State of California.

The California Police Chiefs' Association ("CPCA") represents virtually all of the more than 400 municipal chiefs of police in California. CPCA seeks to promote and advance the science and art of police administration and crime prevention, by developing and disseminating professional administrative practices for use in the police profession. It also furthers police cooperation and the exchange of information and experience throughout California.

The California Peace Officers' Association ("CPOA") represents more than 2,000 peace officers, of all ranks, throughout the State of California. CPOA provides professional development and training for peace officers, and reviews and comments on legislation and other matters impacting law enforcement.

**FRAP 29(C)(5) STATEMENT**

Pursuant to Rule 29(c)(5) of the Federal Rules of Appellate Procedure, Amici Curiae state that (A) no party's counsel authored this brief in whole or in part; (B) no party or party's counsel contributed money to fund the preparation or submission of this brief; and (C) no person other than Amici Curiae and their counsel contributed money to fund the preparation or submission of this brief.

**ARGUMENT**

Amici have identified this matter as one of statewide significance in which their expertise may be of assistance to the Court.  The attached brief offers a broad perspective of Amici as to the issues before the court, namely the overarching impact of the Court's decision on local law enforcement agencies throughout the State by allowing public access to video camera recordings, which are records of investigation that were filed under seal.

In particular, if the Court unseals the records as requested by the proposed Intervenors ("MEDIA"), such law enforcement investigations and law enforcement activities throughout the state will be greatly jeopardized by the threatened compromise of such records by public disclosure for use and entertainment in the mass media and the inflammatory consequences of such broadcasts and publications.

The undersigned have been given specific authority to make this Application on behalf of Amici.

Dated:  June 26, 2015                     Respectfully submitted,

                                     JONES & MAYER


By: */s/ Deborah Pernice Knefel*
Martin J. Mayer
Kimberly Hall Barlow
James R. Touchstone
Deborah Pernice Knefel
Attorneys for Amici Applicants

1

# <u>TABLE OF CONTENTS</u>

2  TABLE OF AUTHORITIES ......................................................................................... ii

3  BRIEF OF AMICI CURIAE ....................................................................................... 1

4  I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY .......................... 1

5  II.    INTRODUCTION ......................................................................................... 1

6  III.   THE ACCESSIBILITY OF THE SEALED VIDEO FROM THE
        POLICE HOMICIDE INVESTIGATION RECORDS IS A STATE
7       LAW ISSUE THAT SHOULD BE REMANDED OR REVIEWED
        UNDER THE APPLICABLE STATE LAW ............................................... 1, 2

8
   IV.   THE VIDEO RECORDS ARE LAW ENFORCEMENT
9        INVESTIGATION RECORDS, WHICH ARE EXEMPT
        UNDER CALIFORNIA GOVERNMENT CODE SECTION
10       6254(f) AND SHOULD REMAIN SEALED ................................................. 2

11 V.     THE MEDIA HAS NOT ESTABLISHED GOOD CAUSE TO
        UNSEAL THE RECORDS SUFFICIENT TO OVERCOME THE
12       COMPELLING INTERESTS FOR MAINTAINING THEIR
        CONFIDENTIALITY ................................................................................ 9, 10
13
   VI.   CONCLUSION ............................................................................................ 12
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

Brown v. U.S. Dept. of Justice
(E.D. Cal., Mar. 17, 2015, 1:13-CV-01122-LJO) 2015 WL 1237274 ....................... 11

Foltz v. State Farm Mut. Auto. Ins. Co.
(9th Cir. 2003) 331 F.3d 1122 ....................................................................... 10

Pearl Inv. Co. v. City and County of San Francisco
(9th Cir. 1985) 774 F.2d 1460 ......................................................................... 2

Perry v. Brown
(9th Cir. 2012) 667 F.3d 1078 ........................................................................ 11

Smelt v. County of Orange
(9th Cir. 2006) 447 F.3d 673 ........................................................................... 2

Truthout v. Department of Justice
(E.D. Cal. 2014) 20 F. Supp. 3d 760, 766 (reconsideration denied June
4, 2014) ....................................................................................................... 11

**State Cases**

American Civil Liberties Union v. Superior Court
(2015) 236 Cal. App. 4th 673 .......................................................................... 6

California State University, Fresno Assn., Inc. v. Superior Court
(2001) 90 Cal. App. 4th 810 [108 Cal. Rptr. 2d 870].................................... 7, 8

City of San Jose v. Superior Court
(1999) 74 Cal. App. 4th 1008, 88 Cal. Rptr. 2d 552 ................................... 7, 8

Dixon v. Superior Court
(2009) 170 Cal. App. 4th 1271, 88 Cal. Rptr. 3d 847 ................................... 8

Freedom Newspapers, Inc. v. Superior Court
(1986) 186 Cal. App. 3d 1102, 231 Cal. Rptr. 189........................................ 8

Haynie v. Superior Court
(2001) 26 Cal. 4th 1061 ........................................................................ 4, 5, 6, 8

N. Cal. Police Practices Project v. Craig
    (1979) 90 Cal. App. 3d 116, 153 Cal. Rptr. 173....................................6, 8, 9

Rackauckas v. Superior Court
    (2002) 104 Cal. App. 4th 169, 128 Cal. Rptr. 2d 234 .................................7

Williams v. Superior Court
    (1993) 5 Cal. 4th 337 ...................................................................3, 4, 6, 7

**Federal Statutes**

Freedom of Information Act (FOIA)..................................................................11

**State Statutes**

Cal. Gov't Code § 6254 (f).............................................................................2, 3

Cal. Gov't Code § 6252 (d) ................................................................................1

Cal. Gov't Code §§ 6254 ...................................................................................1

Cal. Gov't Code § 6254 (f)....................................................................2, 3, 6, 7, 10

Cal. Gov't Code § 6255.......................................................................................1

Cal. Pen. Code, § 12031 ....................................................................................5

-iii-

**APPLICATION FOR LEAVE TO FILE AMICI CURIAE BRIEF; STATEMENT OF IDENTITY AND INTERESTS OF
AMICI CURIAE; BRIEF OF AMICI CURIAE AND MEMORANDUM OF POINTS AND AUTHORITIES IN
SUPPORT OF AMICI CURIAE BRIEF**

**BRIEF OF AMICI CURIAE**

**I. STATEMENT OF FACTS AND PROCEDURAL HISTORY.**

Amici accept the procedural history and pertinent facts as set forth in the briefs of the parties.

**II. INTRODUCTION**

This matter stems from the recent attempt by mass media via a "Motion to Intervene for the Limited Purpose of Unsealing" to gain access to sensitive and confidential records of a homicide investigation consisting of police video recordings, which were the subject of multiple protective orders, filed under seal with this court in a high profile matter that was settled pursuant to a Confidentiality Agreement.

Gardena Police Department ("GPD") is a department of the City of Gardena, a local public agency existing under California Government Code section 6252 (d). Los Angeles Sherriff's Office ("LASO") is a department of the County of Los Angeles, a public agency existing under California Government Code section 6252 (d).

Mass media organizations' Los Angeles Times Communications LLP ("LATCOM"), Associated Press ("AP") and Bloomberg LP ("BLOOM") (collectively "MEDIA") motion (and opposition) to intervene to unseal records which are the subject of this Court's protective orders and subject to the exemptions from release afforded law enforcement investigation records under California Government Code sections 6254 (f ) and (k), and California Government Code section 6255, are the subject of these proceedings.

**III.   THE ACCESSIBILITY OF THE SEALED VIDEO FROM THE POLICE HOMICIDE INVESTIGATION RECORDS IS A STATE LAW ISSUE THAT SHOULD BE REMANDED OR REVIEWED**

-1-

**UNDER THE APPLICABLE STATE LAW.**

The MEDIA seek access to local law enforcement video associated with a homicide investigation concerning a police officer involved shooting.   The Intervenors in this action sought the same records in March, 2014 and were denied access based upon the California Public Records Act (CPRA) exemption under California law.  Cal. Gov't Code § 6254 (f)  [see docket No. 24, Exhibit 9].

After two years of litigation in this Court, extensive litigation of this issue resulting in two protective orders and a confidential settlement and dismissal of the case, MEDIA now intervene to unseal the records and reverse the Court's previous order rather than seek the records directly from law enforcement through a Public Records Act request that would obviously subject them to the same mandates of the CPRA.

The Federal case is closed, thus the Court should either dismiss the matter and leave it to the state courts, where the principle issues would be appropriately resolved under state law, <u>Pearl Inv. Co. v. City and County of San Francisco</u> (9th Cir. 1985) 774 F.2d 1460, 1464 (court abstained until issues of state law in land use matter were decided) <u>Smelt v. County of Orange</u> (9th Cir. 2006) 447 F.3d 673, 678-79 (court abstained until important social issues determined under state law re: marriage), or review the matter itself under the applicable state law.

**IV.    THE VIDEO RECORDS ARE LAW ENFORCEMENT INVESTIGATION RECORDS, WHICH ARE EXEMPT UNDER CALIFORNIA GOVERNMENT CODE SECTION 6254 (f) AND SHOULD REMAIN SEALED.**

The police video dash camera data is intrinsically exempt as a record of investigation and intelligence information obtained and stored through a secure law enforcement database.  It falls squarely within the exemption expressly delineated

-2-

within the California Public Records Act ("CPRA") under section 6254 (f):

"... this chapter does not require the disclosure of any of the following records:

 (f) Records of complaints to, or investigations conducted by, or records of intelligence information or security procedures of, the office of the Attorney General and the Department of Justice, the Office of Emergency Services and any state or local police agency, or any investigatory or security files compiled by any other state or local police agency, or any investigatory or security files compiled by any other state or local agency for correctional, law enforcement, or licensing purposes . . . ."

Cal. Gov't Code § 6254 (f).

 These are records of a homicide investigation, which were withheld as such from disclosure under California Government Code  section 6254 (f) in March, 2014, [see Docket No. 24, 64,126, Exhibit 9], and they have been the subject of two fully litigated Federal Protective Orders issued by this Court. [See Docket Nos. 20, 24, 26-31, 33, 34, 36, 40-42, 44, 46-50, 52, 54, 64-67, 81, 82, 88, 90, 117-120, 125-128, 153, 187-189, 232.]

The fact that the video may capture activity that is not criminal or that the video did not immediately lead to criminal prosecution does not mean it was not part of a law enforcement investigation of criminal activity exempt under the CPRA.

The California Supreme Court explained in Williams v. Superior Court (1993) 5 Cal. 4th 337, 355, that the exempt status of investigatory files does not dissipate according to the status or extent of the investigation:

"The *exemption for law enforcement investigatory files does not end when the investigation ends.* While there may be reasons of policy that

1   would support a time limitation on the exemption for investigatory files,

2   such a limitation is virtually impossible to reconcile with the language and

3   history of subdivision (f)."

4   Id. (Emphasis added.)

5       MEDIA attempt to label the records they are requesting this Court to

6   "unseal" as "court records."  However, these documents are, first and foremost,

7   records of a homicide investigation, which were only submitted by defendants to

8   the Court with the express understanding, stipulation of the parties and this court's

9   two protective orders that they be sealed and therefore inaccessible to the public as

10  a "court record."   The fact that the Federal action is now resolved and the case is

11  closed, does not negate the exemption or the reasons for sealing these records.

12      The California Supreme Court recognized the importance of protecting

13  police records and explained the strategic reasons for the exemption of records of

14  investigation and its impact on law enforcement in Haynie v. Superior Court

15  (2001) 26 Cal. 4th 1061:

16          "What is true for records of complaints (Black Panther Party) and

17      intelligence information (ACLU) is true as well for records of

18      investigations. The latter, no less than the former, are exempt on their

19      face, whether or not they are ever included in an investigatory file.

20      Indeed, we alluded to this in Williams v. Superior Court (1993) 5

21      Cal.4th 337, 349-353 [19 Cal. Rptr. 2d 882, 852 P.2d 377] when we

22      noted that a document in the file may have extraordinary significance to

23      the investigation even though it does not on its face purport to be an

24      investigatory record and, thus, have an independent claim to exempt

25      status.  (Williams, supra, 5 Cal. 4th at p. 356.) Limiting the section

26      6254(f) exemption only to records of investigations where the

27      likelihood of enforcement has ripened into something concrete and

28

-4-

definite would expose to the public the very sensitive investigative stages of determining whether a crime has been committed or who has committed it. . . .

"Haynie's concession that records of a murder investigation would be exempt further illustrates the impossibility of making such a distinction. Law enforcement officers may not know whether a crime has been committed until an investigation of a complaint is undertaken. An investigation may be inconclusive either as to the cause of death or the circumstances in which the death occurred. A fire may be suspicious, but after investigation be found to have an accidental or natural origin. In this case we have no reason to believe that the deputies who stopped Haynie were not investigating a report of what they believed might be criminal conduct. (See, e.g., Pen. Code, § 12031.)

"The interpretation offered by Haynie would also impair 'routine' investigations. Complainants and other witnesses whose identities were disclosed might disappear or refuse to cooperate. Suspects, who would be alerted to the investigation, might flee or threaten witnesses. Citizens would be reluctant to report suspicious activity. Evidence might be destroyed." Haynie, 26 Cal. 4th at 1070-1071.

MEDIA would have this Court reverse its protective order and unseal the investigative records in contravention of the stipulations of the parties to facilitate the MEDIA's asserted interest in subjecting their contents to "public scrutiny" to further the purported interest in the public's complete understanding of the judicial process and to promote trustworthiness of the system.

California courts have long recognized the strategic reasons for exempting records of investigation as carrying greater weight than the public's need to know.

"Plaintiffs suggest that disclosure of all rules regulating conduct of

-5-

highway patrol officers would permit the public to express their needs and concerns in a meaningful way; that it would inspire trust and confidence and benefit, not hurt law enforcement.

That suggestion must be rejected for its total lack of statutory support. Plaintiffs would have this court judicially repeal, under the guise of statutory interpretation, the exemptions provided by the PRA. (§ 6254, subd. (f).) We decline to do so. We are constrained only to carry out the stated and obvious intent of the Legislature . . . ."

N. Cal. Police Practices Project v. Craig (1979) 90 Cal. App. 3d 116, 121-122, 153 Cal. Rptr. 173, 176-177 (citations omitted).

It is indisputable that the dash cam video, recorded statements, and related investigative materials under seal in this matter are exempt under the CPRA.

In American Civil Liberties Union v. Superior Court (2015) 236 Cal. App. 4th 673, the ACLU of Los Angeles submitted a CPRA request for video data of automatic license plate readers utilized by local law enforcement.  The court explained that regardless of how the data was collected or how long it was kept after collection of the data, it is still exempt as a record of investigation:

"It follows that the records the ALPR system generates in the course of attempting to detect and locate these automobiles are records of those investigations. The exemption under section 6254, subdivision (f) broadly shields these records from disclosure, subject to requirements pertaining to derivative information (see § 6254, subds. (f)(1) & (f)(2)) not at issue here. (See Williams, supra, 5 Cal. 4th at pp. 353, 361 [19 Cal. Rptr. 2d 882, 852 P.2d 377]; Haynie, [26 Cal. 4th] at p. 1068, [112 Cal. Rptr. 2d 80, 31 P.3d 760].)"

American Civil Liberties Union Foundation of Southern California v. Superior Court of Los Angeles County (2015) 236 Cal. App. 4th 673, 683, 186 Cal. Rptr. 3d

746, 753, (as modified May 11, 2015).

The public interest in government accountability is well established, but such public concerns do not trump the importance of the exemption of investigatory records from public disclosure.  The investigation, prosecution and prevention of criminal activity are clearly a public interest.  Indeed, the importance of the public interest in effective law enforcement prevention and prosecution of crime is manifest in the California Legislature's promulgation of a lengthy and broad exemption for law enforcement records of investigation and intelligence operations. <u>Williams v. Superior Court</u> (1993) 5 Cal. 4th 337, 349-353, 19 Cal. Rptr. 2d 882, 852 P.2d 377.

There additionally is a strong government interest in preventing and prosecuting criminal activity, whether street crime, white-collar crime or governmental corruption.  <u>Rackauckas v. Superior Court</u> (2002) 104 Cal. App. 4th 169, 179, 128 Cal. Rptr. 2d 234, 241.

"Because open governments are a hallmark of a democratic society, the public should have full access to information concerning the working of the government "'in order to verify accountability."' (<u>California State University, Fresno Assn., Inc. v. Superior Court</u> (2001) 90 Cal. App. 4th 810, 823 [108 Cal. Rptr. 2d 870].) <u>Rackauckas</u>, 104 Cal. App. 4th at 173.  The CPRA was enacted for this purpose, but also important is the right to privacy of individuals who are identified in government records.  <u>City of San Jose v. Superior Court</u> (1999) 74 Cal. App. 4th 1008, 1017, 88 Cal. Rptr. 2d 552 (barring newspaper's CPRA request for disclosure of names of individuals who complained to city about airport noise).

"The reasons for this law enforcement investigation exemption are obvious. The exemption protects witnesses, victims, and investigators, secures evidence and investigative techniques, encourages candor, recognizes the rawness and sensitivity of information in criminal

investigations, and in effect makes such investigations possible. (See
<u>Haynie v. Superior Court</u> (2001) 26 Cal. 4th 1061, 1070–1071, 112 Cal.
Rptr. 2d 80, 31 P.3d 760; (<u>Rackauckas</u>, supra, 104 Cal. App. 4th at pp.
175–177, 128 Cal. Rptr. 2d 234; <u>Williams v. Superior Court</u>, (1993) 5 Cal.
4th 337, 354, 355, 19 Cal. Rptr. 2d 882, 852 P.2d 377. . . .)"
<u>Dixon v. Superior Court</u> (2009) 170 Cal. App. 4th 1271, 1277-80, 88 Cal. Rptr. 3d 847, 851.

Furthermore, the fact that the parties seeking access to these sealed records
are the mass media is to no avail.  "It is irrelevant that the party requesting the
public records is a newspaper or other form of media, because it is well established
that the media has no greater right of access to public records than the general
public." <u>City of San Jose</u>, supra, 74 Cal. App. 4th at 1018, 88 Cal. Rptr. 2d at 560.
<u>See also</u> <u>California State University</u>, 90 Cal. App. 4th at 831, 108 Cal. Rptr. 2d
870; <u>Freedom Newspapers, Inc. v. Superior Court</u> (1986) 186 Cal. App. 3d 1102,
1109–1110, 231 Cal. Rptr. 189.)

As discussed above, the strong public interest in preventing crime and
preserving public security and infrastructure supports exemption of otherwise
public records when they are comprised of records of investigation. <u>See </u>Haynie, 26
Cal. 4th at 1070-71, 112 Cal. Rptr. 2d at 85-86, 31 P.3d at 764-765 (even routine
investigation records must be withheld to protect enforcement activities).

In <u>N. Cal. Police Practices Project v. Craig</u>, supra, the court examined
similar competing considerations of the public and explained that the concerns for
public disclosure did not warrant the intrusion and potential impairment of law
enforcement interests that the sweeping request would invoke:

"During the in camera proceeding, the trial court reviewed and
analyzed all of the material requested by plaintiffs and found the materials
not ordered disclosed to be exempt as matters dealing with security

-8-

procedures of the CHP, a state police agency. The assertion that the trial court order exempting the material is overbroad does not find support in the record. Our review of the requested records reveals them to deal with security and safety procedures utilized by the CHP in the performance of its police function. Such material is clearly exempt from disclosure by the terms of section 6254, subdivision (f).

"We conclude that if plaintiffs wish to question the propriety of law enforcement conduct, they may do so, and their right to proceed with such evaluation is not dependent upon revelation of the content of the security regulations adopted by the CHP."

N. Cal. Police Practices Project, 90 Cal. App. 3d at 121-122, 153 Cal. Rptr. 173, 176-177.

Similarly, the journalistic endeavors of MEDIA should not include the GPD's confidential investigatory records specifically exempted from disclosure by the California Legislature.  This matter is over two years old and now that it has been resolved, it is questionable what public benefit will be served in reopening and potentially re-escalating the issues by broadcasting tape(s) of an incident two years later.  As aptly pointed out in the opposition, the incidents in Ferguson and Baltimore were well publicized and those communities suffered devastating damages, from which they have yet to recover.  Amici submit that unsealing these exempt records for MEDIA to broadcast for public consumption has immense potential to ignite a similar spree of gratuitous violence that would consume already scarce public safety and community resources.

## V.   THE MEDIA HAS NOT ESTABLISHED GOOD CAUSE TO UNSEAL THE RECORDS SUFFICIENT TO OVERCOME THE COMPELLING INTERESTS FOR MAINTAINING THEIR

-9-

**CONFIDENTIALITY.**

MEDIA asserts that the public's right to know and the recent countrywide surge in civil unrest associated with police officer involved shootings recently depicted in the media are sufficient impetus for overturning the court's determination that the records of the investigation at issue remain under seal. They dismiss notions of the officers' safety and privacy, and the interests of effective law enforcement, as secretive and unavailing.   Amici submit that the compelling interests in the public safety advanced by the exemption of investigation records such as those under seal in this matter are greater and more compelling, for the reasons discussed above.   The portions of the record cited by MEDIA of which the defendants requested preservation of the confidentiality through protective order and sealing of video, for example, depict potential witnesses and/or individuals.  Although these individuals are not specifically "particularized" in the protective order for reasons of confidentiality, release of the video would allow MEDIA to identify information or individuals involved in the investigation.  This implicates important and great safety considerations, which the CPRA investigatory records exemption was designed to address.

MEDIA assert that the Court did not provide detailed findings in its order from which they presume there was an insufficient basis for its protective orders/sealing the record.  They rely heavily upon Foltz v. State Farm Mut. Auto. Ins. Co. (9th Cir. 2003) 331 F.3d 1122, an insurance fraud case, which held there must be a "compelling" reason for continued sealing of evidence in the court record, particularly a "blanket" or non-particularized order.  However, the reasoning enunciated in Foltz is distinguishable in matters involving sensitive investigative records such as these, where to require such a particularized basis for the order may reveal the protected information contained in the withheld materials.

Most recently, in a matter involving Department of Justice records withheld under the Freedom of Information Act (FOIA), which similarly governs the disclosure of public records at the Federal level, the court explained:

> "Importing the general standard for the sealing of records into FOIA litigation threatens to vitiate the exemptions that the statute sets forth. In deciding whether a FOIA exemption applies, the court may be unable to 'articulate the factual basis for its ruling,' Pintos [v. Pac. Creditors Assoc.], 605 F.3d [665] at 679 [9th Cir. 2010], without simultaneously revealing the information that the government seeks to withhold. It is in recognition of this fact that the Ninth Circuit allows district courts to 'rule on summary judgment in FOIA cases solely on the basis of government affidavits describing the documents sought.' Lion Raisins[, Inc. v. USDA], 354 F.3d [1072] at 1082 (citing Church of Scientology of Cal. v. U.S. Dept. of Army, 611 F.2d 738, 742 (9th Cir.1979))."

Truthout v. Department of Justice (E.D. Cal. 2014) 20 F. Supp. 3d 760, 766 (reconsideration denied June 4, 2014).  See also  Brown v. U.S. Dept. of Justice (E.D. Cal., Mar. 17, 2015, 1:13-CV-01122-LJO) 2015 WL 1237274, at 13.

Further compelling considerations for sealing the records are those elaborated more fully by the defendants' opposition to this motion, to wit:  the integrity of the judicial process.  The interest in the integrity and consistency of the judicial process and reliance on such protective orders is a recognized compelling interest.  Perry v. Brown (9th Cir. 2012) 667 F.3d 1078, 1084-88.  In Perry, a judge improperly authorized the unsealing of a video recording of a trial after another judge had explicitly promised the parties that the recording would not be publicly broadcast. In concluding that the record was improperly unsealed, the Ninth Circuit relied on the importance of adhering to "solemn commitments" made by the

-11-

judiciary.

In this matter, the confidentiality of the investigatory files was heavily litigated and factored into the settlement reached in this matter.  The defendants paid over $4 million to buy their peace.  Unsealing the investigatory records may very well substantially deprive them of the benefits of this agreement, which did not contemplate the unsealing of the records in issue, particularly two years hence and after the case was dismissed.

Although the MEDIA attempt to disregard the interests articulated by defendants in the confidentiality of the records, these interests remain compelling. As defendants explained in their application for protective order and filing under seal:  Release of the actual audio or video of the statements would not only have a deleterious effect on public safety, they also portend a chilling effect on future law enforcement investigations in this matter and other unrelated matters.

## VI.    CONCLUSION.

For all of the foregoing reasons, Amici respectfully request that this Court deny the MEDIA Motion to Intervene for the "limited" purpose to unseal these investigative records.

Dated:  June 26, 2015                    Respectfully submitted,

JONES & MAYER

By: */s/Deborah Pernice Knefel*
Martin J. Mayer
Kimberly Hall Barlow
James R. Touchstone
Deborah Pernice Knefel
Attorneys for Amici Applicants

-12-